**STEPHEN BRONTE, ADVISORS, LLC, a California limited liability corporation, Petitioner,**

v.

**COMMODITIES FUTURES TRADING COMMISSION, Respondent.**

No. 02–73241.
CFTR No. 02–02.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided March 4, 2004.

**6.** *See United States v. Olabanji,* 268 F.3d 636, 639 (9th Cir.2001).

**7.** *See United States v. Tadeo,* 222 F.3d 623, 625 (9th Cir.2000).

W. Reece Bader, Virginia Mattos, Rebecca P. Burton, Orrick, Herrington & Suttcliffe LLP, Menlo Park, CA, for Petitioner.

Tempest Thomas, General Counsel, Nancy R. Page, Gabrielle A. Sudik, Commodity Futures Trading Commission, Asst. General Counsel, Washington, DC, for Respondent.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Petitioner Steven Bronte appeals a Commodities Futures Trading Commission ("CFTC") order revoking his registration. Because the CFTC reasonably interpreted "other good cause" to include lying under oath, and because the CFTC did not violate Bronte's due process rights, we affirm the order of the CFTC.

The National Futures Association ("NFA"), charged with licensing traders such as Bronte, initiated revocation proceedings on the basis of false statements Bronte made under oath during a child support proceeding. These statements, if true, would have revealed violations of the Commodity Exchange Act (the "Act"). After investigation, however, the NFA concluded that Bronte had not told the truth and that his business practices were, in fact, in accordance with the requirements of the Act. But, at the same time, the NFA concluded that Bronte had made false statements in the child support proceeding.

Section 8a(3)(M) of the Act permits the CFTC to revoke the registration of an individual for "other good cause." The CFTC has consistently interpreted that provision to include "lack of honesty," and has issued an interpretive statement providing that such dishonest statements are actionable even if they were "never the subject of a formal action or proceeding before either a court or governmental agency." 17 C.F.R., Title I, Part 3, Appendix A. We need not determine whether to afford this interpretation *Chevron* or *Skidmore* deference, since even under *Skidmore* deference we would sustain the CFTC's interpretation of the Act as a reasonable one. *See Christensen v. Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). We are especially deferential to an agency's interpretation of its empowering act. *Premex, Inc. v. CFTC,* 785 F.2d 1403, 1406 (9th Cir.1986). In addition, we have noted that the CFTC "is the 'statutory guardian' entrusted with the enforcement of the congressional scheme for safeguarding the public interest in commodity futures markets." *Lawrence v. CFTC,* 759 F.2d 767, 776 (9th Cir.1985); *see also* 7 U.S.C. §§ 12a(4), (5) (granting authority to the CFTC "to make and promulgate such rules and regulations as, in the judgment of the Commission, are reasonably necessary to effectuate any of the provisions or to accomplish any of the purposes of [the Act]"). As a result, we will not upset the CFTC's longstanding interpretation of what constitutes "other good cause." Since the weight of the evidence supports the CFTC's conclusion that Bronte lied under oath in the child support proceedings, we must affirm the judgment of the CFTC. *See* 12 U.S.C. § 9.

Bronte also challenges the process by which his registration was revoked.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Although he characterizes the proceeding as criminal, it is clear that the proceeding was civil in nature, as there was no possibility of a fine or imprisonment. To determine whether the due process clause of the Fifth Amendment was violated in a civil proceeding, we look to whether there is a protected interest, and if so, what process is due. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Assuming that Bronte has a protected interest in his registration (a proposition the CFTC does not dispute), he was given all of the process he was due. The CFTC afforded Bronte a hearing at which he was represented by counsel, and permitted to offer evidence, testify, and cross-examine witnesses. In an administrative setting such as this, no court has ever required more. *See CFTC v. Schor,* 478 U.S. 833, 848–49, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986).

■ Finally, the notice afforded Bronte was "reasonably calculated to inform [Bronte] of [the] proceedings...." *Walker v. City of Hutchinson,* 352 U.S. 112, 115, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956). The Notice informed Bronte that he was being charged with dishonest statements made in conjunction with the child support proceeding that related to his activities as a commodities trading advisor/commodities pool operator. Further, the NFA specifically disavowed reliance on parts of the transcript for which Bronte arguably did not have notice. The notice was therefore constitutionally sufficient.

**AFFIRMED.**